KILPATRICK *v.* BARRON.

(*Supreme Court, Special Term, New York County.* January 8, 1889.)

WILLS—CONSTRUCTION—NATURE OF ESTATE—POWER OF SALE.

Certain premises were excepted from the power of sale applying to the balance of the residuary estate, (which was to be sold, and an equal share held in trust for each child for life, with remainder to issue,) and the trustee was to permit testator's unmarried daughters to occupy such premises as a home during their lives, or so long as any should remain unmarried, and on the death of two of the daughters named, or the marriage of all the children, the premises were to be sold, and the proceeds divided among the children and descendants. All the daughters, married except one, who entered a convent, and expected never to marry, and the two daughters mentioned were living. Another daughter died after testator, giving her executor power to sell all realty of which she should die seised. By the statutes of New York the fee of the premises could not be held in abeyance, and no title vests in trustees not empowered to receive the rents and profits. *Held* that, on testator's death, the children took a vested remainder in fee, subject to the power of sale, the right of enjoyment only being postponed for the benefit of the unmarried daughters; and that the deeds of the trustees and all the living children, including the unmarried daughter, and the deed of the executor of the deceased daughter, conveyed a good title.

Action by Edward Kilpatrick against Mary E. Barron, to recover a deposit under a contract for the purchase of land, together with the expense of searching title.

*D. G. Crosby,* for plaintiff. *Robert W. Todd,* for defendant.

O'BRIEN, J. Upon the agreed facts, the question to be decided is, were all the deeds which the defendant had ready for delivery to the plaintiff sufficient to vest in the plaintiff a good title to the premises in question? By the will of Thomas H. Geraty, the residuary estate, except the premises in question, is devised in trust to sell and dispose of the same, and to divide the same, and the proceeds thereof, into as many shares as the testator left children or descendants of deceased children, the latter according to stock, one share to be held in trust for each child during life, with remainder to issue, and the share of any deceased child is in effect devised to the issue. The trustees are au-

thorized to sell, in their discretion, the real estate: but, as to the premises in question, such power to sell is not granted, except under certain provisions stated in the will. While these premises, therefore, as part of the residuary estate, are included in the devise, they are expressly exempt from that provision of the will by which the power of sale in respect to the balance of the residuary is given to the trustees. The provision respecting the premises in question thus exempted from the scope of the power of sale affecting the balance of the residuary estate is that, upon the death of Agnes H. and Ida H. Geraty, two of the testator's children, or the marriage of all his children, as either of such events respectively occur, said premises should be sold, and the proceeds arising therefrom paid and divided to and among his children and their descendants. The will also provides that, until the happening of either of such events, the trustees shall suffer and permit the unmarried daughters of the testator to occupy said premises as a home, free of rent, during the lives of his said two daughters, Agnes H. and Ida H., or so long as any of his daughters shall remain unmarried. All the daughters are married except one, who became an inmate of a convent, and never expects to be married, and who is desirous that the sale be made. Another daughter, Margaret A. Fagin, died after the testator, leaving issue still alive, one Thomas H. Fagin, a minor; and also leaving a last will and testament, giving to her executor and trustee full power to sell and convey all the real estate of which she died seised. Warranty deeds from all the children, including the unmarried one, were tendered to plaintiff, together with the deed from the trustee, who held the power of sale, and from the defendant as sole executor and trustee of Margaret A. Fagin, deceased.

Upon the reading of the entire will, but little doubt can remain as to the intention of testator. It was his desire to give to his executors and trustees full power and authority to sell and dispose of his real estate at any time, and invest the proceeds, except the premises in question, which he intended should be a home for his unmarried daughters; and that upon their marriage, or the death of the other two children named, they should have the same right and authority to sell the premises in question, and dispose of the proceeds in a manner similar to the rest of his residuary estate. It is conceded that neither of the events upon which the power contained in the will is limited to take effect, namely, the marriage of all the children or the death of his daughters Agnes H. and Ada H., has occurred. Josephine is still unmarried, in a convent, and all the children, except Margaret, are still alive. It is true that a testamentary power of sale, like a power of attorney or any other power, can be executed only in accordance with the provisions of the instrument creating it. "But the execution of the power of sale may be accelerated by the tenant for life surrendering the life-estate to the remainder-man, if capable of acting, or by joining with the trustees in effecting the conveyance; for, the postponement of the sale being for the benefit of the tenant for life, such tenant may, by executing the deed of conveyance, waive such benefit. If, however, the postponement of the sale is not for the benefit of the tenant for life, but for the benefit of the remainder-men, as by preserving real security for them, or with the expectation of securing a rise in value for them, the sale of the estate cannot be accelerated, even with the concurrence of the tenant for life." 2 Perry, Trusts, (3d Ed.) § 783.

It will thus be seen that the test as to whether the execution of a power of sale may be accelerated or not by the tenant for life is dependent upon the question as to who is to be benefited by the postponement. Applying this test, it is clear from the will of the testator that the sale was postponed solely for the benefit of the unmarried daughters, that they might have a home, and for no other purpose. Unless, therefore, the interests of persons other than life-tenants would be affected by the acceleration of the power of sale, it being in this case for the benefit of the estate, (no power to lease having been

given to the executors,) and in furtherance of the clear intention of the testator, the execution of the power at this time should be held to be valid. It remains, therefore, but to determine the estate or interest conferred by the provisions of the will. Under our statutes, the fee to this property must have vested, on the death of the testator, either in the trustees named in his will, or in the children who were living at that time. It could not be held in abeyance or suspension. The trustees have not been given the fee, nor have they been given any estate in this property. They have no power to rent the property, or to receive the rents or income from it, and the statutes expressly declare that no title shall vest in the trustees where they are not so empowered to receive the rents and profits. The power given to the executors and trustees was merely a naked power of sale. I am of opinion, therefore, that upon the death of the testator his children then living took a vested remainder in fee in said property, subject to a power of sale given to the trustees, the right of enjoyment of said property or its proceeds only being postponed. As stated in *Murray* v. *Murray*, 7 N. Y. St. Rep. 393: "All the expressions necessary to create the fee are employed, as well as those necessary to establish the limitation designed, and to which the fee could be legally and properly subjected." As all the parties for whose benefit the execution of the power of sale was postponed have united with the trustee for the purpose of accelerating the execution of said powers, I am of opinion, for the reasons stated, and upon the authority of the cases of *Murray* v. *Murray*, 7 N. Y. St. Rep. 393, and *Post* v. *Benchley*, 48 Hun, 83, that, whatever question may arise in regard to the distribution of the proceeds, the deeds tendered would have conveyed a good title to the premises in question, and judgment should be for the defendant accordingly.